UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

FLORINDA MARIA ROJAS,

                             Plaintiff,

      -v-

THREE DECKER RESTAURANT, LTD.,
ATHANASIOS RAFTOPOULOS, and
RAMIRO TECORRAL,

                         Defendants.

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _06/15/2020_

19-cv-8592 (LJL)

<u>ORDER</u>

**LEWIS J. LIMAN, United States District Judge:**

      Plaintiff Florinda Maria Rojas ("Plaintiff") and Defendants Three Decker Restaurant, Ltd., Athanasios Raftopoulos, and Ramiro Tecorral (collectively, "Defendants") jointly seek approval of their settlement of this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

      The Court evaluates the fairness of the settlement by applying the factors set forth in *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); and *Wolinsky v. Scholastic  Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012):

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335–36); *see also Cortes v. Bronx Bar & Grill LLC*, 2019 WL 6318430, at *1 (S.D.N.Y. Nov. 25, 2019); *Heiloo v. Fruitco Corp.*, 2019 WL 5485205, at *1 (S.D.N.Y. Oct. 25, 2019).

Applying those factors, the settlement is fair.  The parties have agreed to settle for $65,000, of which two-thirds (or $43,334) will be paid to Plaintiff and one-third (or $21,666) will go to Plaintiff's counsel in satisfaction of their fees and costs.  (Dkt. No. 26 at 2.)  This settlement consideration, net of attorneys' fees and costs, readily satisfies the *Wolinsky* test.  The parties represent that Plaintiff's range of recovery was $18,000–$35,000 (excluding liquidated damages).  (*Id.*)  The settlement was reached early, after exchange of documents but before formal discovery and motion practice, and will permit the parties to avoid the burdens and expenses of establishing their claims and defenses.  (*Id.* at 1–2.)  Plaintiff faced very significant litigation risks.  Defendants took the position, with evidence, that Plaintiff earned more than the applicable minimum wage.  (*Id.* at 2.)  Finally, the settlement was reached via arm's length negotiation, after the exchange of documents and positions.  (*Id.* at 1–2.)  There is no evidence of fraud or collusion.   Importantly, while the settlement will be paid out over time and in installments, Plaintiff will receive her portion of the settlement pro rata with her counsel.  (*Id.* at 2.)

The release in the settlement is limited to the claims at issue in this action.  (Dkt. No. 26–1 at 4.)  *See, e.g.*, *Arango v. Scotts Co.*, 2019 WL 117466, at *4 (S.D.N.Y. Jan. 7, 2019) ("[T]he caselaw is clear that 'any release provision must be limited to the claims at issue in this action.'") (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).  Moreover, there is no confidentiality provision and the non-disparagement provision does not prevent Plaintiff from discussing her wage-and-hour claims or the settlement or her

experience litigating this case.  (Dkt. No. 26–1 at 7.)  *See Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (courts "will not approve any provisions . . . that would bar plaintiffs from openly discussing their experience litigating [a] wage-and-hour case"); *Arango*, 2019 WL 117466, at *3 ("[C]ourts in this District have repeatedly held that, even when a settlement is publicly filed, a provision that prohibits Plaintiff's right to discuss the settlement is incompatible with the purposes of FLSA, namely, to ensure that workers are aware of their rights.").

Finally, counsel has submitted contemporaneous time records to support their application for attorneys' fees pursuant to *Fisher*, 948 F.3d at 600, as well as biographical information regarding Plaintiff's counsel sufficient for the Court to recognize the reasonableness of the award of fees and costs.  (Dkt. No. 26 at 4; Dkt. No. 26–2.)  Counsel's fee is limited to one-third of the aggregate settlement consideration, a factor that is "helpful," but not "determinative."  *Fisher*, 948 F.3d at 603.[1]  (*See* Dkt. No. 26 at 2.)  More important, the settlement fee corresponds closely to the total fees and costs of $20,662 billed in this case by Plaintiff's counsel at a rate of $400 per hour and his assistant at a rate of $100 per hour.  (Dkt. No. 26 at 4.)  The Court has reviewed those time records and is satisfied that the tasks performed by counsel were reasonable and appropriate for a matter of this nature, as were the hours billed for each task.  (*See* Dkt. No. 26–2.)

Accordingly, the Court APPROVES the settlement.  The case is DISMISSED WITH PREJUDICE.

---

[1] Courts in this District typically approve fee requests within the range of between 30–33⅓% of the aggregate settlement amount.  *See Guzman v. Joesons Auto Parts*, 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also Silverstein v. AllianceBernstein L.P.*, 2013 WL 7122612, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013).

The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: June 15, 2020
      New York, New York

                                      LEWIS J. LIMAN
                             United States District Judge